FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

# United States Court of Appeals
For the Eleventh Circuit

MAR 25 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

---

No. 04-13366

District Court Docket No.
98-00407-CV-WBH-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Feb 23, 2005

THOMAS K. KAHN
CLERK

MARIE THOMPSON,

    Plaintiff-Appellant,

versus

PHARMACY CORPORATION OF AMERICA, INC.,
PHARMERICA DRUGS SYSTEM, INC.,

    Defendants-Appellees.

A True Copy - Attested
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAR 2 4 2005
U.S. COURT OF APPEALS
ATLANTA, GA

Entered: February 23, 2005
For the Court: Thomas K. Kahn, Clerk
By: Jackson, Jarvis

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 25 2005

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

---

No. 04-13366
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2005
THOMAS K. KAHN
CLERK

---

D. C. Docket No. 98-00407-CV-WBH-1

MARIE THOMPSON,

Plaintiff-Appellant,

versus

PHARMACY CORPORATION OF AMERICA, INC.,
PHARMERICA DRUGS SYSTEM, INC.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

(February 23, 2005)

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Ethel L. Munson -- through her client, Marie Thompson -- appeals the district court's award of attorney's fees in Thompson's successful civil rights case. No reversible error has been shown; we affirm.

This appeal is the second about fees in this case. After obtaining a favorable verdict following a jury trial, Ms. Munson moved for attorney's fees. She included, among other things, billing entries for time spent working on her efforts to obtain attorney's fees; but the district court rejected these entries.

In the first appeal, we wrote that the district court abused its discretion "when it deducted all the time attributed to Ms. Munson's efforts to recover a fee." Thompson v. Pharmacy Corp. of Am., 334 F.3d 1242, 1245 (11th Cir. 2003). We stated that a district court "may not entirely deny civil rights litigants the recovery of statutory

2

fees," including "fees for litigating fees." Id. We vacated the portion of the district court's order rejecting all Ms. Munson's time spent on the litigation of the fee issue. Id. at 1245-46. But we affirmed all other aspects of the district court's fee award, including its reduction of Ms. Munson's hourly rate from $225 to $200. Id. And in Defendant's cross-appeal, we affirmed the district court's denial of Defendant's post-verdict motion for judgment as a matter of law. Id. at 1243 n.2. On remand, the district court awarded $2,400 in "fees for fees," $11,000 in appellate fees, and $1,500 in fees for post-remand work.

Ms. Munson challenges nearly every aspect of the district court's fee award: (1) the hourly rate of $200 for her appellate and post-remand work; (2) the court's decision to disallow much of the "fees for fees" hours claimed by Ms. Munson; (3) the court's proration of her appellate fee recovery; and (4) the court's refusal to award fees for several of the post-remand pleadings Ms. Munson

3

filed. And she contends that the district court failed to set forth adequate reasons for its decisions.[1]

"The determination of appropriate fees is a discretionary matter for the district court, 42 U.S.C. § 1988; and we review the district court's fee calculations for an abuse of that discretion." Thompson, 334 F.3d at 1244. "A district court abuses its discretion when it fails to apply the appropriate legal standard, follows improper procedures, or relies upon clearly erroneous findings of fact." Sierra Club v. Hankinson, 335 F.3d 1358, 1361 (11th Cir. 2003). The district court must explain its fee determination

---

[1] Ms. Munson also challenges the district court's decision to place under seal certain declarations she filed in the post-remand proceedings. The district court opined that the pertinent documents, which reference pre-trial settlement discussions, did not advance Ms. Munson's position. We see no error in this reasoning. We note that the issue on remand was Ms. Munson's entitlement to "fees for fees"; and we note that the remainder of the court file remains open to the public. The information in the sealed documents about unsuccessful settlement negotiations does not implicate the concerns in other cases with sealed records. Cf., e.g., Brown v. Advantage Eng'g, Inc., 960 F.2d 1013 (11th Cir. 1992) (abuse of discretion for district court to seal entire court record of public trial without showing of compelling governmental interest).

4

sufficiently for "meaningful appellate review." <u>Thompson</u>, 334 F.3d at 1244.

We first conclude that the district court did not abuse its discretion in applying $200 -- the rate we affirmed in the first appeal -- as the hourly rate for Ms. Munson's work on the appeal and on remand. She alleges that the declarations she filed from other experienced Georgia civil rights lawyers demonstrate $300 as the prevailing market rate in 2003. This contention is not quite correct. The declarations she filed all state that Ms. Munson's rate of $300 was somewhat low for a lawyer of her caliber litigating civil rights cases in the Northern District of Georgia. But the declarations neither demonstrate what rates these seasoned civil rights lawyers charged their clients, nor do they refer to a specific time frame. <u>See</u> <u>Dillard v. City of Greensboro</u>, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (what a lawyer charges clients is "powerful, and perhaps the best, evidence of his market rate"); <u>Norman v. Hous. Auth. of</u>

5

Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) ("satisfactory evidence [of hourly rates] necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate."). And although Ms. Munson stated in her own declaration, dated 25 July 2003, that her hourly rate for a civil rights appeal was $300, she did not explain why her rate had climbed $75 from her 2001 claimed rate of $225.[2]

Second, we affirm the district court's determination on "fees for fees" for work done before the first appeal. The district court noted that Ms. Munson claimed entitlement to 70.01 hours spent litigating the fee issue; the court allowed 10 hours for the fee petition and 2 hours for the bill of costs. In rejecting the remaining claimed hours, the court correctly stated that she (1) merely relied on her

---

[2] We note that, in her initial fee declaration (dated 19 April 2001) Ms. Munson stated that her hourly rate was $195 when she first was retained in this case in 1998, but she stated that her rate had increased to $225 by 2001.

previously-submitted fee petition, billing statements, and affidavits; (2) had not directed the court to time entries on the fee issue;[3] and (3) had not provided the court with an explanation of her billing abbreviations. Under these circumstances, the district court's attempt to correlate individual time entries to the pleadings filed on the fee issue was reasonable and understandable. Given Ms. Munson's failure on remand to direct the court to specific billing entries related to the fee issue, we reject Ms. Munson's claim that it was improper for the district court to attempt to tie billing entries to specific pleadings. See Hensley v. Eckerhart, 103 S.Ct. 1933, 1941 & n.12 (1983) (lawyer should maintain billing records that enable a court to identify subject matter of time expenditures).

And we cannot say that the district court abused its discretion in rejecting all time spent on the many fee-related pleadings,

---

[3] In its order following our remand, the district court directed Ms. Munson to file a pleading setting forth "in detail and with supporting documentation the amount of fees to which she claims entitlement on remand." Ms. Munson's response stated that she sought fees for 70.01 hours and directed the court, with no further detail, to her previously-filed billing statements and affidavits.

7

separate from the initial fee petition and bill of costs.[4] Ms. Munson suggests on appeal that she is entitled to full fees for the time spent preparing these pleadings: she asserts that the local rules and the case law of this Court authorized her to file each of these pleadings. But given the large number of pleadings filed on the "fees for fees" issue, we cannot say that the district court erred in determining that Ms. Munson's filing of many fee-related pleadings was an attempt to turn the litigation about attorneys' fees into its own separate litigation, a practice of which the law disapproves. See <u>Thompson</u>, 334 F.3d at 1245 (lawyers should not be compensated for turning attorney's fees litigation into a "second major litigation") (quoting <u>Hensley</u>, 103 S.Ct. at 1941).

---

[4] These pleadings included (1) first supplement to motion for fees; (2) motion to conduct discovery into defendants' counsel's fees; (3) reply to response to motion for attorney's fees; (4) second supplement to motion for fees; (5) reply to supplemental response to motion for fees; (6) third motion to compel post-judgment discovery; (7) third supplement to motion for fees; and (8) reply to response to third motion to compel.

In sum, the district court identified the hours it disallowed and explained why the hours were disallowed. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001). And the district court complied with our direction in Thompson that the court award compensation for at least "some legitimate time [that Ms. Munson] expended . . . in pursuing fees." Thompson, 254 F.3d at 1246.

Third, we affirm the district court's decision about appellate fees. The court determined that Plaintiff, out of six appellate issues, was successful on two: (1) the denial of all "fees for fees"; and (2) the denial of Defendant's motion for judgment as a matter of law (the subject of Defendant's cross-appeal). The court noted that normally it would award a one-third recovery of claimed appellate fees for this degree of success. But the court determined that the denial of Defendant's motion for judgment as a matter of law was entitled to more weight: it awarded Ms. Munson sixty percent of appellate

9

fees.[5]  We reject Ms. Munson's argument that the district court instead was required to treat her success on the cross-appeal as independent from the primary appeal: she claims she was fully successful on the cross-appeal and should have been awarded all fees on that issue.  But the cases she cites, Hensley, 103 S.Ct. at 1940, and White v. New Hampshire Dep't of Employment Sec., 102 S.Ct. 1162, 1166 (1982), do not require this result.  The district court adequately explained its decision about appellate fees; and this decision was within the wide latitude we afford district courts in fashioning fee awards.  Sierra Club, 335 F.3d at 1361.

We affirm the district court's award of fees on remand.  The district court noted that, in its order on remand, it had directed Ms. Munson only to file a pleading setting forth "in detail and with supporting documentation the amount of fees to which she claims

---

[5] Ms. Munson initially claimed 110.95 hours for the appeal.  The district court reduced several billing items and awarded 92 hours.  Ms. Munson does not challenge the district court's reduction of her appellate hours: this issue is waived.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

entitlement on remand." Ms. Munson filed the requested brief. But she also filed six other pleadings.[6] The district court allowed all the time Ms. Munson claimed for preparing the required brief, but refused to allow the hours spent on the additional pleadings as unnecessary. We see no abuse of discretion on this decision.

**AFFIRMED.**

---

[6] These pleadings are (1) a motion for clarification; (2) a motion to supplement; (3) a reply brief; (4) a second motion to supplement; (5) a response to Defendant's motion to strike; and (6) a reply to Defendant's response to her second supplement.

11